IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JAMES DILLARD**                                                                                      **PLAINTIFF**
**ADC #116862**

v.                                        Case No. 3:20-cv-00403-KGB

**CITY OF PARAGOULD,**                                                           **DEFENDANTS**
**ARKANSAS,** *et al.*

## ORDER

Plaintiff James Dillard is currently an inmate at the Tucker Unit of the Arkansas Department of Correction. Mr. Dillard, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* and a complaint pursuant to 42 U.S.C. § 1983 against the City of Paragould, the Paragould Police Department, and multiple Paragould Police Department employees (Dkt. Nos. 1, 2). Mr. Dillard also filed an amended complaint (Dkt. No. 10).

In his complaint and amended complaint, Mr. Dillard alleges that he was unlawfully searched and arrested, that his parole was wrongfully revoked, and that he was wrongfully charged with a drug-related offense (Dkt. No. 2). In his amended complaint, Mr. Dillard alleges that the charges against him "created by the defendants have been dismissed with prejudice. . . ." (Dkt. No. 2, at 2). Further, Mr. Dillard makes clear in his amended complaint that, although he opts to forgo certain of his claims including those against the City of Paragould "as a municipality," his claims against the Paragould Police Department, and employees Scott Snyder, Scott Pillow, Michael Oost, Anthony Ganus, Aaron Gamber, and Jason Boling remain (*Id.*, at 1-2).

Before the Court are Mr. Dillard's motion for leave to proceed *in forma pauperis*, motion for status, motion to appoint counsel, and motion for service (Dkt. Nos. 1, 4, 7, 9). Mr. Dillard's motion for leave to proceed *in forma pauperis* will be granted. For the following reasons, the

Court grants Mr. Dillard's motion for leave to proceed *in forma pauperis* (Dkt. No. 1), dismisses without prejudice certain of his claims, and stays his remaining claims pending the conclusion of the state criminal proceedings against him.

### I. *In Forma Pauperis* Application

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his 42 U.S.C. § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).

If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *see also Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) ("The Prison Litigation Reform Act (PLRA) makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal. Thus, when an application to proceed in forma pauperis (IFP) is filed in such a case, 'the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.'") (citations omitted) (quoting *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir.1997)).

Mr. Dillard has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) (Dkt. No. 1). Accordingly, Mr. Dillard's motion to proceed *in forma pauperis* is granted. Based on the information contained in Mr. Dillard's account information sheet, the Court will not assess an initial partial filing fee. Mr. Dillard will be obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to Mr. Dillard's prison trust account each time the amount in the account exceeds $10.00 until the $350.00 filing fee is fully paid. 28 U.S.C. § 1915(b)(2).

    **II.**    **Screening**

The Court must screen Mr. Dillard's complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2) before the Court permits the complaint to be served. As explained in more detail below, Mr. Dillard's claims against the Paragould Police Department fail because the Police Department is not an entity subject to suit under 42 U.S.C. § 1983. Mr. Dillard's challenge to his parole revocation is barred by the holding of the United States Supreme Court in *Heck v. Humphrey*, and his challenge of the charges pending against him must be stayed under *Younger v. Harris*.

    **A.**    **Legal Standard**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### B.     Discussion

In his initial complaint, Mr. Dillard sued the City of Paragould, the Paragould Police Department, Detectives Scott Snyder, Michael Oost, and Aaron Gaber, Officers Scott Pillow and Anthony Ganus, and Corporal Boling in their personal and official capacities (Dkt. No. 2, at 1-3). Mr. Dillard's claims arise out of an alleged controlled buy of methamphetamine on September 25, 2019 (*Id.*, at 8-9). According to Mr. Dillard, on January 7, 2020, Detectives Boling and Gamber arrested him (*Id.*, at 9). Detective Gamber told Mr. Dillard that "they made a 'controlled buy' off of [Mr. Dillard] on September 25th 2019" (*Id.*). After Detectives Boling and Gamber arrested Mr. Dillard, they took him to his parole officer (*Id.*). A Paragould police officer then escorted Mr. Dillard to the Greene County Detention Center (*Id.*). Ultimately, Mr. Dillard's parole was revoked based on the suspected sale of drugs, and Mr. Dillard is currently awaiting trial on the pending charges in *State v. Dillard*, 28CR-20-111 (Dkt. No. 2, at 4, 9).

According to Mr. Dillard, "[t]he defendants participated in a joint action in which each participated separately but for the same issue" (*Id*., at 6; *Id*., at 7, 10, 12-13). The loosely-alleged conspiracy included lying "under oath to a judge to obtain a facially deficient unlawful warrant," violating the chain of custody in retaliation for Mr. Dillard's refusal to introduce a police informant to a person of interest, bribery, and threats (*Id*., at 7; *Id*. at 10, 12-13). Mr. Dillard claims that Detective Oost unlawfully searched him (*Id*., at 7-8). Mr. Dillard further claims Detective Oost took the methamphetamine at the heart of the controlled buy out of his briefcase (*Id*., at 7-8). In other words, the drugs at the heart of the controlled buy did not belong to Mr. Dillard (*Id*.). Thus, as set out in Mr. Dillard's complaint, the following arrest, detention, revocation, and pending charges all are unlawful and in violation of his constitutional rights (Dkt. No. 2, at 5-13). Mr. Dillard seeks damages (*Id*. at 14).

In his amended complaint, Mr. Dillard alleges that the charges against him "created by the defendants have been dismissed with prejudice. . . ." (Dkt. No. 2, at 2). Further, Mr. Dillard makes clear in his amended complaint that, although he opts to forgo certain of his claims including those against the City of Paragrould "as a municipality," his claims against the Paragould Police Department, and employees Scott Snyder, Scott Pillow, Michael Oost, Anthony Ganus, Aaron Gamber, and Jason Boling remain (*Id*., at 1-2).

### 1. The Paragould Police Department Is Not Subject To Suit Under 42 U.S.C. § 1983

Mr. Dillard sued defendants, including the Paragould Police Department, under 42 U.S.C. § 1983 (Dkt. No. 2). To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). A police department, however, is not a "person" subject to suit in an action under § 1983. *See*

*Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992). Accordingly, the Court dismisses without prejudice Mr. Dillard's claims against the Paragould Police Department.

        **2.**      **Claims Barred By The Supreme Court's Holding in *Heck v. Humphrey***

Mr. Dillard seeks damages for the alleged violations of his rights. If a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the state conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-78 (1994). A claim for damages based on the invalidity of the state conviction, continued imprisonment, or sentence "that has not been so invalidated is not cognizable under § 1983." *Id*. at 487. The holding of *Heck* has been applied to claims that would imply the invalidity of a parole revocation. *See Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014). Nothing in Mr. Dillard's pleadings indicates that his imprisonment has been called into question by issuance of a federal writ of *habeas corpus*, and any judgment in his favor would imply the invalidity of his continued incarceration. Although Mr. Dillard alleges that the charges against him "created by the defendants have been dismissed with prejudice" (Dkt. No. 2, at 2), it is not clear to what charges he refers. Nothing before the Court demonstrates the invalidity of the state conviction, continued imprisonment, or sentence at this stage. Accordingly, Mr. Dillard's damages claim challenging his revocation is barred under the Supreme Court's holding in *Heck*.

        **3.**      **Claims That Must Be Stayed Under *Younger v. Harris***

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state-court proceedings. The Court explained the rationale for such abstention as follows:

6

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Id*. at 43-45; *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012). If these three elements are satisfied, the court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). These exceptions, though, must be narrowly construed. *Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004). "[I]ntervention by federal courts in ongoing state proceedings requires that the 'circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief . . . .'" *Id*. at 779 (internal citation omitted).

Mr. Dillard specified that he was charged with delivery of methamphetamine and unlawful use of a communication device in case number CR20-111 (Dkt. No. 2 at 9). The public docket confirms that state criminal proceedings against Mr. Dillard are ongoing in Greene County, Arkansas. *See* Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Dillard*, 28CR-20-111.[1] Although Mr. Dillard alleges that the charges against him "created by the

---

[1] The Court can take judicial notice the proceedings in Mr. Dillard's state case because the proceedings are directly related to his federal claims. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

7

defendants have been dismissed with prejudice" (Dkt. No. 2, at 2), publicly available information indicates that the case remains pending.

In his federal case, Mr. Dillard challenges the charges against him in his state criminal case. Arkansas clearly has an important interest in enforcing its criminal laws, and Mr. Dillard is able to raise any constitutional claims during his state proceedings. Further, Mr. Dillard does not allege, and his complaint does not otherwise indicate, extraordinary circumstances that would warrant federal intervention in the on-going state-court proceedings. Accordingly, *Younger* abstention is appropriate. Mr. Dillard seeks damages (Dkt. No. 2, at 14). When a plaintiff seeks damages, his case should be stayed under *Younger* rather than dismissed. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir. 1998). Accordingly, Mr. Dillard's remaining claims will be stayed and administratively terminated until the criminal charges against him have been fully resolved, including any appeal.

### III. Other Filings

As a result of this Court's analysis of Mr. Dillard's pending claims, the Court grants Mr. Dillard's pending motion for status and provides through this Order a status report to Mr. Dillard (Dkt. No. 4). The Court denies Mr. Dillard's motion to appoint counsel in this case, and the case will be stayed and administratively terminated until the criminal charges against Mr. Dillard have been fully resolved (Dkt. No. 7). Further, service on defendants is not appropriate at this time, given that the case will be stayed and administratively terminated (Dkt. No. 9).

### IV. Conclusion

1.  The Court grants Mr. Dillard's motion for leave to proceed *in forma pauperis* (Dkt. No. 1).

8

2. The Court directs the Warden of the Tucker Unit of the Arkansas Department of Corrections, or his designee, as Mr. Dillard's present custodian, or any future custodian, to collect from Mr. Dillard's institutional account the $350.00 filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Mr. Dillard's account each time the amount in the account exceeds $10.00.  The Court further directs the Warden of the Tucker Unit of the Arkansas Department of Corrections, or his designee, or any future custodian, to forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk.  The payments must be clearly identified by the name and number assigned to this action.

3. The Court directs Clerk of the Court to send a copy of this order to the Warden of the Tucker Unit, P.O. Box 240, Tucker, Arkansas 72168; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

4. The Court dismisses without prejudice Mr. Dillard's claims against the Paragould Police Department for failure to state a claim on which relief may be granted.

5. The Court dismisses without prejudice Mr. Dillard's claims challenging the revocation of his parole for failure to state a claim on which relief may be granted.

6. The Court directs the Clerk of the Court to stay Mr. Dillard's remaining claims and administratively terminate this proceeding pending final disposition of Mr. Dillard's criminal charges.

7. This case is subject to reopening upon Mr. Dillard's filing of a motion to reopen the case after such final disposition of his criminal charges.

8. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this 22nd day of July, 2021.

_____
Kristine G. Baker
United States District Judge